## MERCER COUNTY COURT OF COMMON PLEAS.

**IN THE MATTER OF THE APPLICATION FOR THE ADMISSION OF JOHN BYRNES TO THE TUBERCULOSIS HOSPITAL OF THE CITY OF TRENTON (NOW MUNICIPAL COLONY).**

Decided May 29, 1935.

For the petitioner, *Frederic R. Brace.*

For the respondent, *Clarence A. Ward.*

TURP, C. P. J.    Under date of July 25th, 1932, John Byrnes was found to be indigent and to have a legal settlement in the county of Mercer, and an order was entered by this court under said date directing that the care and maintenance of said John Byrnes at the Tuberculosis Hospital of the city of Trenton (now Municipal Colony) be paid as an indigent patient by the county of Mercer. Said patient was admitted at said hospital on July 12th, 1932, and the aforesaid order was based upon testimony taken before the county adjuster of the county of Mercer, July 20th, 1932, by which testimony it appears that Rose Byrnes, upon oath, testified that the patient had lived all his life in Trenton. Later additional facts were discovered by the county adjuster which showed clearly that the aforesaid testimony of Rose Byrnes in the foregoing respect was false, and after petition, upon which the present proceeding is based, was filed on behalf of the county of Mercer stating that the legal settlement of the said John Byrnes was not as a matter of fact in the county of Mercer, but was in the county of Union, and pray-

ing that the matter of the admission of John Byrnes to the Tuberculosis Hospital of the city of Trenton (now Municipal Colony), as aforesaid be reopened and his legal settlement established. A day was set by this court for the hearing of the matters and facts set forth in the said petition and the matter was duly brought on for hearing on April 17th, 1935, at the court house at Trenton, New Jersey, and due notice of the time and place fixed was given to the county of Union, and said county was represented at the hearing by Clarence A. Ward, Esq.

The testimony taken at this rehearing established firmly, in my opinion, that the legal settlement of the patient, John Byrnes, at the time of his commitment aforesaid to the said hospital was in the county of Union, State of New Jersey, and not in the county of Mercer. It also disclosed, therefore, that the testimony given at the previous hearing by the said Rose Byrnes was false. The previous order of this court dated July 25th, 1932, determining the legal settlement of said patient to be in the county of Mercer being based upon the said false testimony is therefore invalid and I hereby declare it void and of no effect. An order will be entered changing the legal settlement of John Byrnes from Mercer county to Union county.

The next point raised by Union county is that the court cannot make an order now dating back to the time of the original commitment, but such order can only be made from the date of the filing of the present petition. The liability of an individual to pay for his own care, if he has sufficient estate, is well settled, and even though he has been declared by order of the court to be indigent, said order can be changed to make him non-indigent, in which event he can be compelled to pay for his keep from the time of the commitment. This is set forth clearly in section 444, chapter 147 of the laws of 1918 (*Cum. Supp. Comp. Stat.* 1911, p. 323, § 34-195), and likewise decided in *In re Bedford,* 11 *N. J. Mis. R.* 589; 168 *Atl. Rep.* 134. The question with respect to municipalities does not appear to have been determined hitherto and it is necessary to look into the legislation to determine the point. The matter is governed principally by

chapter 147 of the laws of 1918, section 442 (*Cum. Supp. Comp. Stat.* 1911, *p.* 322, § 34-193), of which provides as follows:

"In all cases where an indigent patient is found to have a legal settlement in any county in this state, *the cost of his care and maintenance shall be borne by such county from the beginning of his confinement,* as provided by law, except that part which may be collected on account of the board of an indigent patient, as in section 430 provided."

The exception mentioned does not have any application to the present matter.

Section 448 (*Cum. Supp. Comp. Stat.* 1911, *p.* 324, § 34-199) of said act provides as follows:

"No county in this state shall be chargeable with the cost of the care and maintenance of any indigent patient, unless the judicial officer shall find as a matter of fact and the final order of commitment shall set forth that such patient is indigent and has a legal settlement in such county, and in case such order is made by the judicial officer of another county, a certified copy of the same shall be filed with the clerk of the county so charged. *The cost of clothing and maintenance of any indigent patient which may have accrued prior to the determination of legal settlement in any county shall be paid by the county in which such settlement is determined to be."*

And section 451 (*Cum. Supp. Comp. Stat.* 1911, *p.* 325, § 34-202) of said act is as follows:

"The estate of any patient, or the person chargeable with liability for his support in any institution in this state as provided by law, *or the state or county as provided by law, shall be liable for the support of such patient in such institution from the time of his commitment thereto, irrespective of whether such patient is committed as non-indigent or indigent, or whether the status of such patient has been or shall be changed after his commitment;* and this article shall be construed, in this respect, between the state and the counties, as retroactive."

The above sections of this statute indicate to me a legislative intention to have the same rule applied with respect to

different municipalities within the state as applies with regard to an individual; that is, that the municipality liable shall be liable for the support of such patient from the time of his commitment thereto, irrespective of whether the status of such patient has been or shall be changed after his commitment. In adopting this view no real hardship is worked upon the municipality where it has been finally determined the patient has a legal settlement because due to the situation, the county has escaped its liability which it otherwise would have been paying all the time.

However, irrespective of whether or not any hardship is placed upon said municipality, if the legislature has decreed that such shall be done, the question of hardship cannot be gone into by this court. The order may be entered, therefore, changing the legal settlement of said patient from Mercer county to Union county with the provision that Union county shall be liable for the support of such patient from the time of his commitment thereto, namely, July 12th, 1932.

There is a further question in this matter, and that is as to whether or not the patient should be transferred from the Trenton hospital to the institution provided by the county of Union for such class of patients. The amendment of 1922 to the Tuberculosis act (*Pamph. L.* 1922, *ch.* 269; *Cum. Supp. Comp. Stat.* 1911, *p.* 1534, § 92-114), vests authority in the court to determine whether or not such a transfer would be detrimental to the health of said patient. Upon my observation of the patient while testifying it is my conclusion that such transfer would be detrimental to the health of the patient, notwithstanding the fact that it is readily conceded that the institution provided by the county of Union is an exceptionally fine institution for such patients. The disease, however, is a depressing one and for that reason, coupled with the patient's present condition, leads me to the above stated conclusion. The order may, therefore, include such a certificate therein and the patient be ordered to remain at the present institution. However, leave will be granted to the county of Union to have a further examination with respect to this question, if it is desired.